UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HARVEY L. JACQUE,

               Plaintiff,

    v.

FRANK WIRT, et al.,

               Defendants.

ORDER

05-CV-6197T

---

        Plaintiff has applied to the Court for appointment of counsel.  It is clear that assignment of counsel in this matter is within the judge's discretion.  *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir. 1983).  The factors to be considered in the Second Circuit in deciding whether or not to assign counsel are set forth in *Jenkins* and include consideration of the following matters:  the plaintiff's ability to afford a private attorney; the efforts taken by the plaintiff to obtain a lawyer; the availability of counsel in the geographical area and the plaintiff's possible skill or lack of skill at obtaining such help as well as the number of contacts with potential counsel; examination of the merits of the plaintiff's case; plaintiff's ability to gather and present crucial facts; and the complexity of the legal issues raised in the complaint.  *Id*., at 880.  Plaintiff has addressed several of the issues in his motion.  He has discussed this case with area attorneys, but is proceeding *in forma pauperis* and cannot afford an attorney.  Further, he offers that he suffers from dyslexia.

        One critical factor that the Court must consider, however, is the "likelihood of merit" of the underlying dispute.  *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997);

*Cooper*, 877 F.2d at 174. In this very early stage of the case, there appear to be several hurdles for plaintiff that lessen the possibility of a successful outcome. In addition, the Court notes that there are a very limited number of area attorneys willing and able to handle employment discrimination cases on a *pro bono* basis.

The Court has reviewed the facts presented herein in light of the factors required by law. Based on this review, the Court finds that assignment of counsel is not warranted at this time. It is the plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*. 28 U.S.C. § 1654.

Further, in order to assist plaintiff in pursuing his case *pro se*, the Clerk of the Court is directed to send plaintiff a copy of the Court's booklet entitled Pro Se Litigation Guidelines.[1]

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       October  25 , 2005.

---

[1] Plaintiff should review the entire booklet, and then he should focus his attention on pages 14-19 of the Guidelines regarding discovery, since his lawsuit is in the discovery stage at this time.