UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HARVEY L. JACQUE,

                              Plaintiff,              05-CV-6197T

                 v.                                   **DECISION
                                                      and ORDER**

FRANK WIRT, DAVID ALEXANDER, KEITH GAUSE,
and ROCHESTER CARPENTERS LOCAL UNION 85,

                 Defendants.

_____


                        INTRODUCTION

     Plaintiff Harvey L. Jacque ("Jacque"), a former member of
defendant Rochester Carpenters Local Union 85 ("the Union") brings
this action pursuant to the Labor Management Relations Act ("LMRA")
and New York State law claiming that the defendants breached their
duty of fair representation by failing to file and pursue a
grievance on his behalf in connection with his termination from
employment from an employer which was a party to a Collective
Bargaining Agreement ("CBA") with the Union.  Specifically,
plaintiff, who was employed by the Rochester Convention Center
Management Corporation, (the "Convention Center") and who was
terminated from his employment with the Convention Center under a
charge of misconduct, contends that the Union, as the sole
representative and collective bargaining agent of employees
employed at by the Convention Center, failed to carry out its
obligation to file a grievance on his behalf and seek reinstatement
of his employment.  Plaintiff further alleges that the defendants

provided false information to the Convention Center in an attempt
to induce convention center management to fire him.

Defendants move to dismiss plaintiffs' complaint on grounds
that the plaintiff has failed to state a cause of action upon which
relief can be granted.   The defendants contend that because
plaintiff failed to exhaust his Union remedies by challenging the
Union's alleged failure to prosecute the grievance on his behalf,
he is precluded from proceeding on a claim of failure to represent
in federal court.   Defendant's further contend that plaintiff's
state-law cause of action against the defendants' for their alleged
attempts to influence the Convention Center to fire him is
preempted by the LMRA, and therefore must be dismissed.

For the reasons set forth below, I grant defendants' motion to
dismiss plaintiff's state law claims as preempted by the LMRA, but
deny defendant's motion to dismiss plaintiff's federal claim under
the LMRA.

<u>BACKGROUND</u>

According to his Amended Complaint, plaintiff Harvey Jacque
worked for the Convention Center in Rochester, New York, for an
unspecified time beginning on some date prior to October 2004.  As
an employee of the Convention Center, plaintiff was subject to a
collective bargaining agreement negotiated between the Convention
Center and the defendant Union.   Under the terms of the CBA, no

employee could be fired from his or her employment absent "just cause."

On January 3, 2005, plaintiff was fired from his employment at the Convention center on grounds that he had violated work rules. Jacque denies violating work rules, and contends that there was no basis for the termination of his employment. Jacque contends that the individual defendants made false accusations about him to Convention Center management for the purpose of getting him fired. He further claims that although he requested that the Union file a grievance on his behalf to protest the firing, the Union failed to do so.

<u>DISCUSSION</u>

I.   <u>Defendants' Motion to Dismiss</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the complaint where the plaintiff has failed to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. <u>Ferran v. Town of Nassau</u>, 11 F.3rd 21, 22 (2d Cir. 1993), <u>cert</u>. <u>denied</u>, 513 U.S. 1014 (1994). The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

<u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

    II.  <u>Plaintiff's Federal Claims</u>

    Plaintiff alleges that the Union violated its obligation under the LMRA to fairly and adequately represent him in connection with his termination from employment.  In moving to dismiss this claim, defendants contend that because plaintiff failed to exhaust intra-union remedies that were available to him to redress his complaints, he may not proceed with the instant action in federal court.  <u>See</u> <u>Maddalone v. Local 17, United Brotherhood of Carpenters and Joiners of America</u>, 152 F.3d 178, 186 (2nd Cir. 1998)("Under . . . the LMRA . . .the requirement that a plaintiff exhaust internal union remedies lies within the court's discretion.")  Courts, however, will not require exhaustion of internal union remedies where union officials are so hostile to a union member that he or she can not hope for fair treatment, where internal union procedures are inadequate to address the member's complaints, or where internal union procedures would unreasonably delay the union member's opportunity to obtain a judicial hearing on the merits.  <u>Maddalone</u>, 152 F.3d at 186 (citing <u>Clayton v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America</u>, 451 U.S. 679, 689 (1981).

    In the instant case, plaintiff has alleged in opposition to defendant's motion to dismiss that the internal union procedures

available to him were inadequate.  Viewing the facts of the Amended Complaint in the light most favorable to the plaintiff, and construing, as the court must, all ambiguities in favor of the plaintiff, the court cannot say at this stage of the case whether or not the internal union procedures available to him were or were not adequate to redress his complaints.  Although plaintiff's claims of the inadequacy of union procedures maybe conclusory, that alone is not fatal to his opposition to plaintiff's motion, as plaintiff may plead conclusions in response to a motion to dismiss.  See Pease v. Production Workers Union of Chicago and Vicinity Local 707, 2003 WL 120903 (N.D. Ill. 2003).

For the reasons set forth above, I find that plaintiff's Amended Complaint states a cause of action for violation of the Union's duty of fair representation.  However, because the issue of whether or not the Union's internal procedures for handling plaintiff's complaint's could adequately address plaintiff's complaints is a threshold issue, I direct the parties to engage, under the auspices of the Magistrate Judge assigned to this case, in limited discovery on the issue of the union remedies that were available to the plaintiff, and whether or not those remedies could adequately address plaintiff's concerns.  Following completion of that discovery, either party may move for summary judgment, or the in the alternative, they may stipulate to proceed further with discovery on all remaining relevant matters.

III. <u>Plaintiff's State Law Claims</u>

Plaintiff alleges in his second cause of action that defendants Wirt, Alexander and Gause "intentionally and with malice gave false information to the plaintiff's employer . . . to induce the employer to discharge the plaintiff from his employment although there was no just cause for the discharge and disciplinary action." Amended Complaint at ¶ 19. Plaintiff further alleges in the same paragraph that his employer "breached the employment contract between it and the plaintiff by its act of discharging the plaintiff without cause in violation of the laws of New York." <u>Id.</u>

Defendants move to dismiss this cause of action on grounds that the LMRA provides for original subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ." 29 U.S.C. § 185(a). Defendants contend that because adjudication of plaintiff's state law claim for interference with contract would require a determination that the CBA in this case was breached, plaintiff's cause of action is preempted by the LMRA.

For plaintiff to prevail on a claim of tortious interference with contractual relations, he would be required to establish the existence of a valid contract between himself and his employer, defendants' knowledge of the contract, defendants' intentional inducement of a breach of the contract by the employer, and

damages.  <u>See</u> <u>Anderson v. Aset Corporation</u>, 329 F.Supp.2d 380, 382-383 (W.D.N.Y. 2004)(Larimer, J.) <u>aff'd.</u> 416 F.3d 170 (2nd Cir. 2005).  Determination of whether or not the employment contract (the CBA) was breached would require interpretation of that contract.  <u>Id.</u>  However, because the LMRA preempts actions involving the interpretation of a CBA, plaintiff's claims for intentional interference must be dismissed.  <u>Id.</u>[1]

<u>CONCLUSION</u>

For the reasons set forth above, I grant in-part and deny in-part defendants' motion to dismiss.  I grant defendants' motion to dismiss plaintiff's state law claims, and deny defendant's motion to dismiss plaintiff's LMRA claim based on defendants' alleged failure to adequately and fairly represent him in his employment dispute.  With respect to plaintiff's LMRA claim, I direct the parties to engage in limited discovery on the issue of the availability and adequacy of internal union remedies for the purpose of determining whether or not plaintiff is barred from proceeding with this action for failure to exhaust administrative remedies.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
        MICHAEL A. TELESCA
   United States District Judge

Dated:  Rochester, New York
        March 7, 2007

---

[1] The plaintiff in <u>Anderson</u> was represented by the same attorney representing the plaintiff in this action.  As was the case in <u>Anderson</u>, this court finds that the LMRA preempts a state law claim by a union member for tortious interference with contract where interpretation of a CBA is necessary in adjudicating the plaintiff's tort claim.