```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

HARVEY L. JACQUE,

                Plaintiff,         05-CV-6197T

       v.                        **DECISION**
                                      **and ORDER**

ROCHESTER CARPENTERS LOCAL UNION 85,

                Defendant.

## INTRODUCTION

Plaintiff Harvey L. Jacque ("Jacque"), a former member of defendant Rochester Carpenters Local Union 85 ("the Union") brings this action pursuant to the Labor Management Relations Act ("LMRA") and New York State law claiming that the defendant breached its duty of fair representation by failing to file and pursue a grievance on his behalf in connection with his termination from employment by an employer which was a party to a Collective Bargaining Agreement ("CBA") with the Union. Specifically, plaintiff, who was employed by the Rochester Convention Center Management Corporation, (the "Convention Center") and who was terminated from his employment with the Convention Center under a charge of misconduct, contends that the Union, as the sole representative and collective bargaining agent of employees employed at by the Convention Center, failed to carry out its obligation to file a grievance on his behalf and seek reinstatement of his employment.

By Decision and Order dated March 7, 2007, I dismissed plaintiff's State-law claims against all defendants on grounds that those claims are preempted by the LMRA. Accordingly, plaintiff has one remaining claim--for failure to represent--against defendant Local Union 85.

Local Union 85 now moves for summary judgment against the plaintiff on grounds that because the plaintiff failed to exhaust his Union remedies by challenging the Union's alleged failure to prosecute the grievance on his behalf, he is precluded from proceeding in this court on a claim of failure to represent. For the reasons set forth below, I grant defendant's motion for summary judgment.

BACKGROUND

The facts of this case were set forth in my March 7, 2007, Decision and Order. Specifically, plaintiff Harvey Jacque worked for the Convention Center in Rochester, New York, for an unspecified time beginning on a date prior to October 2004. As an employee of the Convention Center, plaintiff was subject to a collective bargaining agreement negotiated between the Convention Center and the defendant Union. Under the terms of the CBA, no employee could be fired from his or her employment absent "just cause."

On January 3, 2005, plaintiff was fired from his employment at the Convention center on grounds that he had violated work rules.

Jacque denies violating work rules, and contends that there was no basis for the termination of his employment. Jacque contends that certain union members made false accusations about him to Convention Center management for the purpose of getting him fired. He further claims that on January 5, 2005, he demanded from his Union Shop Chairman that a grievance be filed on his behalf. According to Jacque, the Union failed to file a grievance on his behalf, and failed to inform him that no grievance had been filed.

## DISCUSSION

I. <u>Defendant's Motion for Summary Judgment</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. <u>Scott v. Harris</u>, 550 U.S. 372, ___; 127 S.Ct. 1769, 1776 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. <u>Scott</u>, 550 U.S. at ___; 127 S.Ct. at 1776 (citing <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986).

## II. Plaintiff failed to exhaust his Union Remedies with respect to the Union's alleged failure to represent.

Jacque alleges that the Union violated its obligation under the LMRA to fairly and adequately represent him in connection with his termination from employment. Specifically, he claims that the Union failed to file a grievance with the employer on his behalf within 14 days of his termination, as required by the Union's CBA.

The Union concedes that it did not file a grievance on behalf of Jacque, but claims that Jacque may not pursue his failure to represent claim in federal court because he failed to exhaust his administrative remedies with the Union prior to filing this action. Plaintiff counters, however, that because the Union does not have the authority to grant the relief he ultimately sought (reinstatement of his employment) he is not required to exhaust his remedies, and instead may proceed directly to this court with his claims.

It is well settled that where a union member claims that his Union failed to adequately or fairly represent him in a dispute with the union member's employer, the union member must first exhaust any administrative remedies that he have prior to bringing an action against the Union in Federal Court. Clayton v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 451 U.S. 679, 682 (1981). See also

*Constitution of the United Brotherhood of Carpenters and Joiners of America*, Section 53(j) (providing that all union members "are required to exhaust the administrative remedies provided [herein] before commencing proceedings in any court. . . .")

The Court, however, has authority to waive the exhaustion requirement in cases where union officials are so hostile to a union member that he or she can not hope for fair treatment; where internal union procedures are inadequate to address the union member's complaints, or where internal union procedures would unreasonably delay the union member's opportunity to obtain a judicial hearing on the merits. *Maddalone v. Local 17, United Brotherhood of Carpenters and Joiners of America*, 152 F.3d 178, 186 (2nd Circ., 1998)(citing *Clayton*, 451 U.S. at 689.

In the instant case, the uncontroverted evidence demonstrates that Jacque did not exercise his administrative rights in attempting to challenge the Union's decision not to pursue a grievance against his employer on his behalf. Accordingly, unless Jacque can demonstrate that union officials were so hostile to him that he could not have expected fair treatment, that union procedures were inadequate to address his complaint, or that the Union's internal procedures would have unreasonably delayed his opportunity to obtain a judicial hearing on the merits, Jacque's claim must be dismissed for failure to exhaust his administrative remedies.

Jacque has not claimed, and there is no evidence in the record, that union officials were so hostile to him that he could not have hoped to receive fair treatment from the Union with respect to his complaint that the Union did not file a grievance on his behalf. Nor has Jacque claimed that following internal Union procedures would have unreasonably delayed any opportunity to have his claims heard on the merits.

Rather, Jacque claims that because the Union did not have the authority to reinstate his employment, exhaustion of his administrative remedies would have been futile, and therefore, under Clayton, he was not required to exhaust his administrative remedies. This argument, however, has been foreclosed pursuant to Maddalone, in which the Second Circuit Court of Appeals considered the same provision of the Carpenter's Union Constitution at issue in this case, and found that a union member seeking reinstatement of employment was required to exhaust his administrative remedies where the Union allegedly failed to file a grievance on behalf of the member. In Maddalone, the court noted that although the Union could not reinstate the member's employment, the Union President, pursuant to the Union Constitution, could "have reactivated the grievance [with the employer] and appointed an independent representative for him to pursue arbitration with [the employer]. . . ." Maddalone, 152 F.3d 178, 187. Indeed, this holding is consistent with Clayton, in which the Supreme Court held that

exhaustion would not be required in cases where the Union lacked the ability to reactivate the union member's grievance against the employer. <u>Clayton</u>, 451 U.S. at 695. (administrative exhaustion not required " unless the internal union procedures can reactivate the grievance"). In this case, it is uncontroverted that the President of the Carpenters' Union retained the authority to reactivate a grievance with the employer, despite the fact that the original grievance was not filed in a timely manner, or was not filed at all. <u>See</u> <u>Constitution of the United Brotherhood of Carpenters and Joiners of America</u>, Section 53(g)(providing that union member may appeal any grievance to Union President); <u>Maddalone</u>, 152 F.3d at 186 (holding that Union President has authority under Union Constitution to reactivate grievance with employer and appoint independent representative to represent the union member). Accordingly, plaintiff was required to exhaust his Union remedies prior to bringing the instant case.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiff's Complaint in its entirety with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
       May 26, 2009